**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN AI,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    14-72165

Agency No. A205-328-589

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Juan Ai, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

("IJ") decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").   We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014). We grant the petition for review and remand.

Substantial evidence does not support the agency's adverse credibility determination based on the finding that Ai offered implausible testimony as to the circumstances surrounding her visit to the doctor in May 2001. *See Ren v. Holder*, 648 F.3d 1079, 1086-89 (9th Cir. 2011) (agency mischaracterized the testimony). Substantial evidence also does not support the agency's determination based on Ai's failure to have her contraceptive device removed in the United States. *See id.* at 1087-88 (agency's findings were speculative). Further, substantial evidence does not support the agency's determination based on the purported inconsistency between Ai's testimony and her medical document as to the forced nature of her abortion. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("If [petitioner] offers a 'reasonable and plausible explanation' for the apparent discrepancy, the IJ must provide a specific and cogent reason for rejecting it.").

Thus, we grant the petition for review, deem Ai credible, and remand Ai's

asylum, withholding of removal, and CAT claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED**.